## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

LAWRENCE M. SCLAFANI,   Case No.: 10-CV-60728-GOLD/McALILEY

    Plaintiff,

vs.

NORTH AMERICAN RECOVERY,

    Defendant.        /

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant, NORTH AMERICAN RECOVERY, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(1), hereby files its Motion to Dismiss for Lack of Subject Matter Jurisdiction and states:

**I.   Relevant Facts**

In the Complaint, Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692a, *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq*. ("TCPA").  The five-count complaint against Defendant alleges the following claims: Counts I through IV allege that Defendant violated the FDCPA, and Count V alleges that Defendant violated the TCPA.  [DE 1].  Specifically, Plaintiff claims that Defendant left messages on Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded voice without Plaintiff's prior express consent, and that such messages failed to disclose Defendant's identity.  *See* Complaint [DE 1] at 13-15.  According to the Complaint and Plaintiff's Rule 26 Initial Disclosures, Plaintiff is seeking statutory damages, plus attorney's fees and costs, under the FDCPA and TCPA.  *See* Plaintiff's Rule 26 Initial Disclosures attached as Exhibit "A."  Plaintiff is not seeking actual damages.

Case No.: 10-CV-60728-GOLD/McALILEY

On August 3, 2010, Defendant made a written settlement offer to Plaintiff offering $1,001 to resolve Plaintiff's claims under the FDCPA, plus reasonable attorney's fees and costs as to be determined by the court. *See* Exhibit "B" attached hereto. Plaintiff failed to respond to Defendant's offer. Because Defendant has offered everything that Plaintiff is entitled to under the FDCPA claim, there is no longer a dispute over which to litigate under the federal law claim and this case must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. Motion to Dismiss Standard

Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms: "facial attacks" and "factual attacks." *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528 (11th Cir. 1990). "Facial attacks" require the court "merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id*. (citing *Menchaca v. Chrysler Credit Corp*., 613 F.2d 507, 511 (5th Cir.), cert. denied, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980)). "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*. When the attack is factual, as it is here, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*.

### III. There is no longer a case or controversy before this Court with regard to Plaintiff's FDCPA claim

As discussed in more detail below, this Court should dismiss Plaintiff's FDCPA claim with prejudice and Plaintiff's TCPA claims without prejudice, because Defendant offered more than Plaintiff is entitled to recover under the FDCPA and this Court should not continue to exercise supplemental jurisdiction over the TCPA claim. *See Mims v. Arrow Financial, LLC*, Case No. 09-cv-22347-UNGARO (S.D. Fla. April 5, 2010); *Crescenzo v. ER Solutions, Inc. and CRI Purchasing Corp.*, Case No. 09-cv-60685-DIMITROULEAS (S.D. Fla. April 6, 2010); *Davon Outten v. United Collection Bureau, Inc.*, Case No. 09-cv-21817-GOLD (S.D. Fla. April 5, 2010); *Tamiko Walker v. Apex Financial Management, Inc.*, Case No. 09-61502-CIV-MORENO (S.D. Fla. May 26, 2010); *Muldrow v. Credit Bureau Collection Services, Inc., d/b/a CBCS*, 2010 WL 2650906, *2 (S.D. Fla. June 30, 2010); *see* Orders attached hereto as Composite Exhibit "C."

In the instant case, Defendant's offer moots Plaintiff's FDCPA claim, and therefore, there is no longer an Article III case or controversy before this Court. Article III of the United States Constitution limits the jurisdiction of the federal courts to "cases and controversies." U.S. Const. art. III § 2; *Flast v. Cohen*, 392 U.S. 83, 94, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). When the case lacks a legally cognizable interest, a justiciable case or controversy no longer exists, and thus, the case should be dismissed for lack of subject matter jurisdiction. *Id.* If there is no live controversy, the court must dismiss Plaintiff's claim as moot. *See National Advert. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005) ("By its very nature, a moot suit cannot present an Article III case and controversy and the federal courts lack subject matter jurisdiction to entertain it."); *Al Najjar*, 273 F.3d at 1335 ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of

the ability to give the plaintiff or appellant meaningful relief, then case is moot and must be dismissed."); *Labora v. MCI Telecommunications Corporation*, 1998 WL 1572719 (S.D. Fla. July 20, 1998)("a case will be subject to dismissal on the grounds of mootness when a defendant satisfies the plaintiff's demand for relief"). "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate…and a plaintiff who refuses to acknowledge this loses outright under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *See Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 159-160 (E.D.N.Y. 2003)(citing *Rand v. Monsanto Co.*, 926 F. 2d 596, 598 (7th Cir. 1991)).

For instance, in *Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F.Supp.2d 1211, 1219 (M.D. Fla. 2003), the Court stated:

> As Chief Judge Posner stated in *Greisz v. Household Bank (Illinois), N.A.,* 176 F.3d 1012, 1015 (7th Cir. 1999), in discussing an unaccepted offer that was greater than the statutory damages (internal citations omitted):
>
> Such an offer, by giving the plaintiff the equivalent of a default judgment (here it was actually larger by $200 than a default judgment would have been), eliminated a legal dispute upon which federal jurisdiction can be based…You cannot persist in suing after you've won.
>
> The defendant's offer of full relief therefore rendered this case moot, even though the plaintiff did not accept the offer.

*MacKenzie*, 276 F.Supp.2d at 1218-19 (citing *Greisz*, 176 F.3d at 1015).

Here, Plaintiff was offered one dollar more than the maximum recovery Plaintiff is entitled to under the FDCPA against Defendant, and therefore, there is no dispute over which to litigate. Because there is no "live" controversy, Plaintiff's claim is moot and must be dismissed with prejudice. *See Labora*, 1998 WL 1572719 (S.D. Fla. 1998); *Greif*, 258 F.Supp.2d at 157; *Jones v. CBE Group, Inc.*, 215 F.R.D. 558 (D. Minn. 2003); *MacKenzie*, 276 F. Supp.2d at 1218-1219; *Greisz*, 176 F.3d at 1015. There is nothing more at issue or that needs to be litigated

4

Case No.: 10-CV-60728-GOLD/McALILEY

before this Court that triggers Article III jurisdiction based on a "live" case or controversy. *See Muldrow*, 2010 WL 2650906, \*2 (S.D. Fla. June 30, 2010)(since defendant offered the statutory maximum in FDCPA damages, plaintiff's FDCPA claims were mooted).

In fact, this very Court dismissed a similar, if not identical, FDCPA claim based upon mootness. *See Davon Outten v. United Collection Bureau, Inc.*, Case No. 09-21817 (S.D. Fla. April 5, 2010). As stated by this Court: "[b]ecause Defendant offered to settle Plaintiff's FDCPA claims in their entirety, Plaintiff lacks a personal stake in the suit thereby rendering the FDCPA claims moot." *See* Composite Exhibit "C;" *see also Muldrow*, 2010 WL 2650906 at \*2 (S.D. Fla. June 30, 2010).

Moreover, the parties are required to notify the court when it lacks subject matter jurisdiction, which is exactly what has occurred here. Defendant should not and cannot be held up through litigation so that Plaintiff or Plaintiff's counsel can attempt to engineer additional attorney's fees after a tender of the maximum amount of damages Plaintiff is entitled to, and is seeking, under the FDCPA. Accordingly, jurisdiction of the FDCPA claim cannot be sustained by Plaintiff, and this Court must dismiss Plaintiff's FDCPA claim for lack of subject matter jurisdiction.

### IV. This Court lacks jurisdiction over Plaintiff's TCPA claim

The Telephone Consumer Protection Act ("TCPA"), provides that a person may bring "in an appropriate court of that State" a private right of action. 47 U.S.C. §227(b)(3)(emphasis added). Based upon that statutory language, the Eleventh Circuit has ruled that "federal courts lack subject matter jurisdiction of private actions under the [TCPA]." *Nicholson v. Hooters of Augusta*, 136 F.3d 1287, 1289 (11th Cir. 1998) modified 140 F.3d 898 (11th Cir. 1998). Moreover, several district courts in the Southern District of Florida, including this Court, have

14487819v1 913460 7791

entered Orders of Dismissal agreeing with the *Nicholson* decision that jurisdiction over TCPA claims rests in state courts.  *See Mims v. Arrow Financial, LLC*, Case No. 09-cv-22347-UNGARO (S.D. Fla. April 5, 2010); *Crescenzo v. ER Solutions, Inc. and CRI Purchasing Corp.*, Case No. 09-cv-60685-DIMITROULEAS (S.D. Fla. April 6, 2010); *Davon Outten v. United Collection Bureau, Inc.*, Case No. 09-cv-21817-GOLD (S.D. Fla. April 5, 2010); *Tamiko Walker v. Apex Financial Management, Inc.*, Case No. 09-61502-CIV-MORENO (S.D. Fla. May 26, 2010); *Muldrow v. Credit Bureau Collection Services, Inc., d/b/a CBCS*, 2010 WL 2650906, *2 (S.D. Fla. June 30, 2010).  In fact, in *Walker*, Plaintiff's counsel, Donald A. Yarbrough, agreed that the TCPA claims must be dismissed without prejudice because the Court lacks supplemental jurisdiction to hear the claim.  *See* Order [DE 21] in *Walker*, Case No. 09-61502 (S.D. Fla. May 26, 2010) attached hereto as Composite Exhibit "C".

Other jurisdictions have also held that exclusive jurisdiction over TCPA claims rests in state court.  *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 514 (5th Cir. 1997); *International Science & Tech, Inst. v. Inacom Communs.*, 106 F.3d 1146, 1151 (4th Cir. 1997); *Murphy v. Lanier*, 204 F.3d 911, 913 (9th Cir. 2000).  As the court in *Brodeur v. Swan Fin. Corp.*, 2006 WL 950208, *3 (E.D. Mo. April 11, 2006), noted:

> These courts have focused on the language of the statute, Congressional history, and the purpose behind the law. Several of the courts concluded that, by exclusively mentioning state courts, Congress intended to give state courts exclusive jurisdiction. Had they not mentioned state courts, both federal and state courts would have had concurrent jurisdiction, and, therefore, they must have meant something different. *See Int'l Sci.*, 106 F.3d at 1152; *Chair King*, 131 F.3d at 511; *Nicholson*, 1336 F.3d at 1288.

Following the Eleventh Circuit and the majority view in other jurisdictions, the language of the TCPA does not provide a basis for federal question jurisdiction.  See U.S.C. § 227(b)(3).

Moreover, a district court has "supplemental jurisdiction" over state law claims which are part of the same case or controversy as claims over which the district court has "original jurisdiction." 28 U.S.C. §1367(a). A district court, however, "may decline to exercise supplemental jurisdiction over a claim" if the claim "raises a novel or complex issue of State law," or where all claims over which the district court has jurisdiction have been dismissed. 28 U.S.C. §1367(c); *see Hinkle v. Asset Acceptance, LLC*, 2010 WL 298396 (S.D. Fla. Jan. 20, 2010). In *Mims*, this very Court found that it lacked federal jurisdiction over TCPA claims and further declined to exercise supplemental jurisdiction over plaintiff's TCPA claim. Case No. 09-cv-22347-UNGARO (S.D. Fla. April 5, 2010); *see* Composite Exhibit "C."

Because jurisdiction over Plaintiff's TCPA claim lies in state court and there exists no continued basis for this Court to exercise supplemental jurisdiction, Plaintiff's TCPA claim should be dismissed without prejudice for lack of subject matter jurisdiction.

V.     **Conclusion**

In sum, Defendant has offered Plaintiff more than Plaintiff is entitled to under the FDCPA, and as such, Plaintiff's FDCPA claim is moot and must be dismissed with prejudice. Because exclusive jurisdiction over Plaintiff's TCPA claim lies in state court, this Court no longer has subject matter jurisdiction over said claim, and therefore the TCPA claim should be dismissed without prejudice.

WHEREFORE, Defendant, NORTH AMERICAN RECOVERY, respectfully requests this Court enter an Order dismissing Plaintiff's FDCPA with prejudice, and Plaintiff's TCPA claims without prejudice for lack of subject matter jurisdiction, and any other relief this Court deems necessary.

7

Case No.: 10-CV-60728-GOLD/McALILEY

*s/Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
David P. Hartnett
Florida Bar No. 946631
bfernandez@hinshawlaw.com
dhartnett@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant NORTH AMERICAN RECOVERY

14487819v1 913460 7791

Case No.: 10-CV-60728-GOLD/McALILEY

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Donald A. Yarbrough, Esq.
Post Office Box 11842
Ft. Lauderdale, FL   33339
Tel:  954-357-2000
Fax: 954-566-2235
Attorneys For Plaintiff

*s/Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
David P. Hartnett
Florida Bar No. 946631
bfernandez@hinshawlaw.com
dhartnett@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant NORTH AMERICAN RECOVERY