UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-60728-CIV-GOLD/McALILEY

LAWRENCE M. SCLAFANI,

Plaintiff,

v.

NORTH AMERICAN RECOVERY,

Defendant.
_________________________________/

**ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [ECF No. 31]; CLOSING CASE; CANCELLING ORAL ARGUMENT**

THIS CAUSE is before the Court on Defendant North American Recovery's ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion"). **[ECF No. 15]**. Plaintiff Lawrence M. Sclafani ("Plaintiff") filed an Opposition to the Motion **[ECF No. 17]**, and Defendant filed a Reply **[ECF No. 18]**. I have determined that oral argument would not aid in my disposition of this matter and accordingly CANCEL the oral argument previously set for December 3, 2010, at 4:30 p.m. Having reviewed the parties' submissions, the applicable law, and the record, I GRANT Defendant's Motion for the reasons set forth below.

## I. Background

On May 6, 2010, Plaintiff filed a complaint alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.* ("TCPA") in collecting

certain debts that Plaintiff owed. **[ECF No. 1]**. The complaint alleges five Counts seeking damages, fees, expenses, and costs for violations of the FDCPA (Counts I-IV) and TCPA (Count V). *Id.* at ¶¶ 19-28.

On July 2, 2010, Plaintiff served initial Rule 26 disclosures, listing statutory damages of up to $1,000.00 under the FDCPA. **[ECF No. 15-1, Ex. A]**. On August 3, 2010, Defendant provided a written offer to Plaintiff as to the FDCPA claims. **[ECF No. 15-1, Ex. B]**. Specifically, Defendant offered $1,001.00 with costs and reasonable attorneys fee as to Counts I-IV. *Id.*

Following the offer, Defendant moved to dismiss the action under Rule 12(b)(1) for lack of subject matter jurisdiction. **[ECF No. 15]**. Defendant moved to dismiss under the theory that the offer afforded Plaintiff complete relief as to the FDCPA claims and there was no independent subject matter jurisdictional basis for Plaintiff's remaining TCPA claim in federal court. *Id.* At the time Defendant filed its motion to dismiss, Plaintiff had not yet responded to Defendant's offer. *Id.* at p. 2.

On October 6, 2010, Plaintiff accepted Defendant's offer to settle Plaintiff's FDCPA claims. **[ECF No. 17 ¶ 1]**. Plaintiff's remaining TCPA claim is still pending. *Id.* In a three-paragraph Opposition, citing two cases, Plaintiff argues that I should "retain[] discretion to exercise supplementary jurisdiction over Plaintiff's FCCPA[1] claims." *Id.* at ¶ 2.

---

[1] This is presumably a typographical error, as: (1) Plaintiff has not pled any claims under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.72(7), 559.72(9) (*see generally* **[ECF No. 1]**); and (2) Plaintiff requests that I exercise jurisdiction over "Plaintiff's remaining TCPA [claim]." **[ECF No. 17 ¶ 3]**.

## II. Legal standard

Under the Federal Rules of Civil Procedure, "[i]f the court determines at *any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Federal courts are courts of limited jurisdiction and must inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1282 (11th Cir. 2001) ("subject matter jurisdiction is an important consideration that cannot be waived or ignored"); *University of S. Al. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Attacks on subject matter jurisdiction arise in two forms. "Facial attacks" focus on the complaint and require a court to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, taking all allegations in the complaint as true. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "Factual attacks" challenge the existence of subject matter jurisdiction by considering matters outside the pleadings. *Id.* This case presents a factual attack on subject matter jurisdiction as the Defendant has based its Motion on the Rule 68 offer to settle and Rule 26 disclosures.

## III. Analysis

The statutory language of the FDCPA dictates that damages shall not exceed $1,000. *See* 15 U.S.C. § 1692k(a)(2)(A); Fla. Stat. § 559.77(2); *see also Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992); *Peters v. Collision Clinics Int'l*, 404 So.2d 116, 117 (Fla. 4th DCA 1981). As to Plaintiff's FDCPA claims (Counts I-IV), Defendant's Rule 68 offer provides Plaintiff with "complete relief" and Plaintiff has accepted Defendant's offer to settle these claims. Accordingly, the

remaining issue is whether I may exercise supplemental jurisdiction over Plaintiff's remaining TCPA claim.

As to Plaintiff's TCPA claim (Count V), the text of the statute only provides a private right of action "if otherwise permitted by the laws or rules of court of a State, . . . in an appropriate court of that State." 47 U.S.C. § 227(b)(3). The Eleventh Circuit has interpreted the statute by ruling that "federal courts lack subject matter jurisdiction of private actions under the [TCPA]." *Nicholson v. Hooters of Augusta*, 136 F.3d 1287, 1289 (11th Cir. 1998).

Plaintiff requests that I exercise jurisdiction over the remaining TCPA claim under 28 U.S.C. § 1367(a), relying on two cases in support of this argument. In *Palmer v. Hospital Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994), the district court determined that it lacked subject matter jurisdiction over state law claims brought with federal claims under the Federal Patient Anti-Dumping Act, 42 U.S.C.S. § 1395dd (COBRA). It was unclear whether the district court came to this conclusion based solely on the lack of diversity, because section 1367 did not permit the application of supplemental jurisdiction, or whether the district court refused to exercise permissible supplemental jurisdiction. *Palmer*, *supra*, 22 F.3d at 1564. Nonetheless, the Eleventh Circuit recognized that it was within the district court's discretion to determine whether to exercise jurisdiction. *Id.* at 1570 ("Although we find that the district court had the power to exercise jurisdiction in this case, we believe that the discretionary aspects of the exercise of such jurisdiction are best left to the district court in the first instance.")

While Plaintiff accurately cites the second case he relies on, *Mergens v.*

*Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999), for the proposition that "[d]iscretion over pendent state claims is expressly conferred to district courts by statute," the very next sentence of the opinion sets forth that "28 U.S.C. § 1367(c) provides that a district court may decline to exercise supplemental jurisdiction if 'the district court has dismissed all claims over which it has original jurisdiction.'" *Mergens*, *supra*, 166 F.3d at 1119. The Eleventh Circuit further explained that courts are "strongly encourage[d]" to dismiss state claims where federal claims in the same case are dismissed prior to trial. *Id.* (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) and *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

As the Eleventh Circuit has repeatedly noted, and as Plaintiff's cited authorities set forth, 28 U.S.C. § 1367(a) provides district courts with the "*discretion* not to hear a supplemental claim or admit a supplemental party, despite the *power* of the court to hear such a claim." *Estate of Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1366 (11th Cir. 2010) (citation omitted) (emphasis in original). In the instant case, I exercise this "discretion" not retain supplemental jurisdiction over Plaintiff's TCPA claim. Neither party has argued that principles of "judicial economy, convenience, [and] fairness" would be served if I exercised supplemental jurisdiction over the remaining state law claims. *Id.* To the contrary, trying Plaintiff's state law claims "in federal district court would [likely] be inconvenient and expensive" when compared to state court, where Plaintiff can pursue the same remedies before judges more familiar with the statutes at issue. *See id.* Accordingly, I decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See Muldrow*, 2010 WL 2650906, at *2 (declining

to exercise supplemental jurisdiction over the remaining counts brought under the FCCPA and the TCPA where offer of judgment mooted the plaintiff's FDCPA claims).

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss **[ECF No. 15]** is GRANTED.
2. Judgment in the amount of $ 1,001.00 plus reasonable attorneys' fees and costs will be entered concurrently with this Order.
3. Plaintiff's FDCPA claims (Counts I-IV) are hereby DISMISSED.
4. Plaintiff's TCPA claim (Count V) is DISMISSED WITHOUT PREJUDICE.
5. The Court retains jurisdiction solely for the purpose of determining and enforcing an award of fees and costs should the parties be unable to agree on the amount of reasonable fees and costs.
6. Oral argument previously set for Friday, December 3, 2010, at 4:30 p.m. is CANCELLED.
7. All pending motions are DENIED AS MOOT and all other upcoming hearings are CANCELLED.
8. This case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, on this 29 day of November, 2010.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge Chris M. McAliley
All counsel of record